hAMY, J.,
dissenting in part.
In its oral reasons for judgment, the trial court stated:
[T]he pictures, the testimony take this case to the level that by a preponderance of the evidence, the court finds that there was a breach of 2315 et sequitur and 9:2800.6. The court finds that there was a breach of the duty that was owed to Mrs. Cornelius, both by Mrs. Hotard and by Wal-Mart, that the merchant breached its duty in failing to exercise reasonable care in keeping its display in a reasonably safe condition.
The trial court went on to assess Ms. Hotard and Wal-Mart, each, with fifty percent of the fault in causing the accident.
The majority finds that letting go of a shopping cart would not be substandard conduct nor would it be a breach of Ms. Hotard’s duty to control her shopping cart in a reasonable manner. My appreciation of the evidence introduced at trial does not indicate that this is the only act of negligence that the trial court may have considered when it assessed liability to Ms. Ho-tard. It is the plaintiffs contention that Ms. Hotard negligently directed her shopping cart into the display causing the boxes of canned iced tea to fall onto her foot. Thus, the plaintiff contends that she breached her duty to control her shopping cart in a reasonable manner. After review of the trial court’s oral reasons for judgment, it is not entirely clear that the it did not believe the plaintiffs allegations rather than Ms. Hotard’s.
|?,Through her testimony at trial, Ms. Hotard claimed that she did not run into the display inadvertently. Rather, she claimed that she stopped the cart approximately one foot or less from the display while she looked for an item on the aisle perpendicular to the display. Ms. Hotard stated that after she stopped the cart and released it, the cart rolled forward and *821 into the display. As pointed out by the majority, the record indicates there were no witnesses who testified that they saw Ms. Hotard push the cart into the display. However, the plaintiff presented the testimony of the Wal-Mart manager who documented the accident and who testified that Ms. Hotard stated to him that she hit the display with the cart. Although the store manager’s report did not reflect Ms. Ho-tard’s alleged admission as a direct quote, it did state that Ms. Hotard hit the display causing the accident. Additionally, Mr. Cornelius, who stated that he did not see Ms. Hotard prior to the incident, claimed that after his wife yelled from being hit in the foot with a box of canned iced tea, he looked to his left and saw a shopping cart against the iced tea display with Ms. Ho-tard’s hands on it, saying she was sorry.
In sum, I conclude that the evidence presented in this case supports a finding by the trial court that Ms. Hotard was negligent in maintaining control of her shopping cart and allowing it to collide with the display. Where there are two permissible views of the evidence, the fact-finder choice between them cannot be manifestly wrong or erroneous. Rosell v. ESCO, 549 So.2d 840 (La.1989). Therefore, I do not find manifest error in the trial court’s assessment of liability in this case.